UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDRE WILSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-02198-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| WEB.COM GROUP, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Remand (ECF No. 21) filed by Plaintiff Andre Wilson ("Plaintiff"). Defendants Web Express, LLC and Charles Rodrick (collectively, the "Arizona Defendants") filed a Response[1] (ECF No. 25), and Plaintiff filed a Reply (ECF No. 30).

**I.      BACKGROUND**

This case arises from a website that allegedly contains defamatory information about Plaintiff. (First Am. Compl. ("FAC") ¶ 23, ECF No. 1-5). Specifically, Plaintiff alleges that the Arizona Defendants own the following website, http://www.sexoffenderrecord.com. (*Id.* ¶¶ 6–7). Plaintiff further alleges that the following page of the website, http://www.sexoffenderrecord.com/offender/view/271623, "defames Plaintiff Andre Wilson by illegally and improperly portraying Plaintiff as a sex offender." (*Id.* ¶ 23).

On October 19, 2015, Plaintiff filed his FAC in the Eighth Judicial District Court of Nevada, alleging the following claims: (1) defamation; (2) wrongful interference with prospective economic advantage; (3) public disclosure of private facts – invasion of privacy; (4) portrayal in a false light — invasion of privacy; (5) seizure of property and injunctive relief.

---

[1] The Court grants the Arizona Defendants' unopposed Motion to Extend Time to submit responses to Plaintiff's Motion to Remand (ECF No. 26).

(*Id.* ¶¶ 25–45). On November 20, 2015, the Arizona Defendants removed the state court action to this Court. (Pet. Removal, ECF No. 1).

## II.   LEGAL STANDARD

Plaintiff has moved to remand this action to state court. "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper." *Laughlin v. Midcountry Bank*, No. 3:10-CV-0294-LRH-VPC, 2010 WL 2681899, at * 1 (D. Nev. July 2, 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) and *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)). Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979), and "the court resolves all ambiguity in favor of remand to state court," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 102 F.2d at 566) (internal quotation marks omitted). "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it, for 'removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment….'" *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) (citing *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 44 (1998)).

## III.   DISCUSSION

### A. Federal Question Jurisdiction

Plaintiff argues that this case does not present a federal question because Nevada law creates each of Plaintiff's causes of action. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A suit arises under the Constitution and laws of the United States only if the

original statement of the plaintiff's cause of action shows that it is based on the Constitution or federal statutes. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).

The existence of federal question jurisdiction is ordinarily determined from the face of the complaint. *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). However, in addition to examining the literal language selected by the plaintiff, the court must analyze whether federal jurisdiction would exist under a properly pleaded complaint. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). A plaintiff may not avoid federal jurisdiction by omitting from a complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law. *Id.* However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thomas*, 478 U.S. 804, 813 (1986). "[O]riginal federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims…." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (framing the essential question as: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

Here, all of Plaintiff's claims arise under Nevada law. However, the Arizona Defendants argue that "[r]esolution of Plaintiff's claims in his favor would require a determination of the Arizona Defendants' rights and immunities under, at a minimum, 1) the First Amendment, 2) the 'fair reporting privilege' contained in the penumbra of rights created by the First Amendment, and 3) § 230 of the Communications Decency Act, 47 U.S.C. § 230 *et seq.*" (Response 5:5–9, ECF No. 25). While the Arizona Defendants concede that affirmative

defenses are insufficient to establish federal jurisdiction, the Arizona Defendants argue that "there is a substantial difference at law between 'immunity' from suit arising from the U.S. Constitution or federal law and an argument that serves as a 'defense' to a cause of action." (*Id.* 5:13–18). However, "it has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). Therefore, the Court finds that Plaintiff's claims arise under Nevada law and do not raise federal issues such that this Court would have jurisdiction over them. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

**B. Diversity Jurisdiction**

District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In his FAC, Plaintiff seeks the following relief:

> 1. For judgment for damages in an amount in excess of $10,000, to be determined at time of trial,
> 2. For punitive damages against Defendants in an amount deemed appropriate,
> 3. That trial on the merits of the matter be consolidated with the hearing on the Preliminary Injunction, as provided for by NRCP 65(a),
> 4. That Defendants be forever restrained form publishing or maintaining http://www.sexoffenderrecord.com/offender/view/271623 or any websites similar in regards to Plaintiff,
> 5. That Defendants be ordered to remove all mention of Plaintiff from any website under their control,
> 6. That Plaintiff be named the owner of the offending website, so that Plaintiff may delete the offensive content,
> 7. That the host of the offending website be compelled to act in accordance with this Court's ruling,
> 8. For attorney's fees, costs of suit, and interest,

      9. For such other and further relief as the Court deems just and proper.

(FAC 9:6–18, ECF No. 1-5).

First, the Arizona Defendants argue that if Plaintiff is granted the equitable relief he seeks, the Arizona Defendants will suffer losses in excess of the jurisdictional amount. (Response 11:1–11). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The Arizona Defendants assert that the website, sexoffenderrecord.com, has obtained ad revenue in excess of $100,000. (Aff. Charles Rodrick ¶ 7, ECF No. 25-8). Moreover, the Arizona Defendants assert that the costs associated with creating and supporting the website has exceeded $100,000. (*Id.* ¶ 10). However, it does not appear that the object of the litigation in this case is the website, sexoffenderrecord.com. Rather, the object of the litigation in this case is the particular page of the website, sexoffenderrecord.com/offender/view/271623, which contains the allegedly defamatory material. Thus, when Plaintiff seeks the removal of the offending website or control over the offending website, Plaintiff does not seek control of the entire website, but instead, the particular page of the website that contains the allegedly defamatory material. The Arizona Defendants have not demonstrated a value of the particular page of the website, sexoffenderrecord.com/offender/view/271623, and considering that the website contains approximately 775,000 profiles of individuals convicted of sexual offenses, the Court does not find that its value is in excess of the jurisdictional amount.

Second, the Arizona Defendants argue that the amount of damages sought by Plaintiff is in excess of the jurisdictional amount. (Response 14:11–15:10). Specifically, the Arizona Defendants explain that Plaintiff has claimed that he has lost at least one employment opportunity, that his income and career-path have been stunted, that he has not been awarded multiple employment contracts, and that his harms may lead to the inability for Plaintiff to

make a living. (*Id.* 14:15–24). Apart from repeating Plaintiff's vague statements related to his potential damages, the Arizona Defendants do not provide any support to adequately demonstrate that Plaintiff's damages exceed $75,000. Moreover, Plaintiff admits that, "[w]hile [he] believes he has lost work opportunities because of the conduct of Defendants, he does not believe he will be able to prove that at trial." (Reply 6:6–7). For these reasons, the Arizona Defendants have failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and the case must be remanded to state court.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand (ECF No. 21) is **GRANTED** and this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this \_\_20\_\_ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge